ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ELIEZER SANTANA BAEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2026RA00016 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm. Q 458-25<br><br>Sobre: Remedios Administrativos |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero

Ortiz Flores, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de abril de 2026.

Comparece por derecho propio el señor Eliezer Santana Baez (Sr. Santana Baez; recurrente), pro se, mediante un recurso de revisión administrativa y nos solicita la revisión de la Resolución emitida por el Departamento de Corrección y Rehabilitación (DCR) y notificada el 4 de diciembre de 2025.[1]

Adelantamos que se confirma la determinación administrativa recurrida, sin trámite ulterior, bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, según enmendado, *In re Aprob. Enmdas Reglamento TA,* 2025 TSPR 42, 215 DPR____ (2025), R. 7 (B) (5).[2]

I

En síntesis, el Sr. Santana Báez argumenta que le corresponde al DCR proveerle sus dosis de medicamentos para 30 días y así poder tratar

---

[1] El Sr. Santana Baez presentó el 29 de diciembre de 2025 conjuntamente con el recurso de revisión administrativa la *Solicitud para litigar in forma pauperis*, la cual se declara ha lugar.

[2] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

sus condiciones de salud. No obstante, siempre ocurre que no le administran algunos medicamentos y otros los traen de menos milígramos y lo dejan varios días y semanas sin tratamiento, en lo que le llegue una nueva orden.

Inconforme, el Sr. Santana presentó una Solicitud de Remedio Administrativo Núm. Q-458-25 y expone lo siguiente: que el medicamento Irbesartan 300mg se lo dieron el 12 de julio hasta el 11 de agosto de 2025; que llevaba 10 días sin tratamiento; que los medicamentos Levot 112 mg, Lopresssor 100mg y Norvasc 10 mg se los dieron el 17 de julio hasta el 16 de agosto de 2025 y desde esa fecha también tenía el tratamiento interrumpido. Reclama que no es justo estar así mes tras mes y que el DCR no impone la reglamentación, lo que es inconstitucional.

En atención a los reclamos del recurrente, se emitió una Respuesta el 8 de septiembre de 2025, suscrita por el Dr. Marcos Devarie y notificada el 12 de sept de 2025, que se cita como sigue:

> Recetas para los medicamentos irbesartan 300 mg, Levo-T 112mg, Amlodipine 10 mg y metroprolol tartrate 100mg expiraron el 8/9/2025. Se recibe receta para estos medicamentos el 8/26/2025 y se despacharon el mismo día[3].

Aun inconforme, el Sr. Santana Baez presentó *Solicitud de Reconsideración* en la que solicitó "que se ordene que en lo sucesivo esto no ocurra para evitar la interrupción entre recetas tal cual está ordenado".[4]

El DCR acogió la reconsideración y el 18 de noviembre de 2025 emitió la Resolución recurrida en la cual expuso lo siguiente:

> "Se orienta al recurrente que las enfermeras de los dosis unitarias tienen una lista que le ofrece el Área de Farmacia y además tiene las fechas de comienza y culminación de las recetas. Esta realiza el Registro de Quejas y Situaciones Identificadas para que el Doctor le renueve los medicamentos; esto si antes no lo ve un galeno y las renueva primero" (Apéndice 7-9, Entrada 2 SUMAC TA).

Inconforme, el 29 de diciembre de 2025, el Sr Santana Báez nos presentó -*por derecho propio y de forma pauperies*- el recurso de revisión que nos ocupa y señala el siguiente señalamiento de error:

---

[3] Apéndice 1-3, Entrada 3 SUMAC TA.
[4] Apéndice 4, Entrada 2 SUMAC TA.

Erró el DCR al no sostener la respuesta del propio director médico que reconoce la interrupción en el suplido médico entre recetas, y optar así por no pautar que en lo sucesivo eso no vuelva a ocurrir como ha estado ocurriendo para que el personal esté más atento a mi suplido médico, eludiéndose así cumplir con su propia responsabilidad ministerial a la luz de *Morales Feliciano*.

## II

Los procedimientos y las decisiones de las agencias administrativas están cobijados por una presunción de regularidad y corrección. Por ello, la revisión judicial de las determinaciones administrativas se limita a examinar si la actuación de la agencia fue razonable, y solo cede cuando la decisión no está basada en evidencia sustancial, cuando la agencia ha errado en la aplicación de la ley, o cuando su actuación es irrazonable o ilegal. *Caribbean Communications v. Pol. de P.R.*, 176 DPR 978, 1006 (2009).

La norma general es que las decisiones de los organismos administrativos deben ser consideradas con gran deferencia por los tribunales apelativos, por razón de la experiencia y pericia de las agencias respecto a las facultades que se les han delegado. *JP, Plaza Santa Isabel v. Cordero Badillo,* 177 DPR 177, 186 (2009). Sus decisiones deben ser respetadas a menos que la parte recurrente establezca que hay evidencia en el expediente administrativo suficiente para demostrar que la agencia no actuó razonablemente. *Borschow Hosp. v. Jta. de Planificación*, 177 DPR 545, 566 (2009).

Por lo tanto, para convencer al tribunal de que la evidencia utilizada por la agencia para formular una determinación de hecho no es sustancial, la parte afectada debe demostrar que existe otra prueba en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada hasta el punto de que no pueda ser concluido que la determinación de la agencia fue razonable de acuerdo a la totalidad de la prueba que tuvo ante su consideración. *Polanco v. Cacique Motors*, 165 DPR 156, 170 (2005).

En cuanto a las conclusiones de derecho, éstas serán revisables en todos sus aspectos por el tribunal. Los tribunales, como conocedores del

derecho, no tienen que dar deferencia a las interpretaciones de derecho que hacen las agencias administrativas. *Olmo Nolasco v. Del Valle Torruella*, 175 DPR 464, 470 (2009). Estos están en la misma posición que la agencia al evaluar la prueba documental y pericial. *Rebollo v. Yiyi Motors*, 161 DPR 69, 78 (2004). A pesar de ello, los tribunales no pueden descartar liberalmente las conclusiones e interpretaciones de la agencia. *JP, Plaza Santa Isabel v. Cordero Badillo, supra*, pág. 187.

**III**

El Sr. Santana Báez señala que el DCR, aunque reconoció la interrupción en el suplido médico entre recetas, optó por no pautar que en lo sucesivo esa situación no vuelva a ocurrir

Luego de examinar el recurso y sus anejos, no hemos encontrado prueba que nos mueva a alterar la determinación del DCR. Conforme con lo intimado anteriormente, las determinaciones de hechos de las agencias administrativas gozan de una presunción de corrección que le corresponde derrotar a quien las impugna. Del expediente, surge que el DCR atendió la solicitud de remedio del recurrente y su determinación es razonable y merece nuestra deferencia.

**IV**

Por los fundamentos antes expuestos se confirma la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones